[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12421
Non-Argument Calendar

_____

Agency No. A79-513-044

LISAWATI HALIM,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 26, 2007)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Petitioner Lisawati Halim is a native and citizen of Indonesia. The Board of Immigration Appeals ("BIA") affirmed the decision of the Immigration Judge ("IJ") denying petitioner asylum, denying her withholding of removal under Immigration and Nationality Act ("INA") § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), and protection under the U.N. Convention Against Torture ("CAT), 8 C.F.R § 208.16(c), and ordering her removal.[1] She now petitions this court for review of the BIA's decision. Her petition raises three issues:

1) Whether the jurisdictional bar of INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), precludes this court from reviewing the denial of petitioner's asylum claim as time-barred;
2) Whether the BIA erred in finding that petitioner was not eligible for withholding of removal under the INA based on past persecution; and
3) Whether the BIA erred in failing to consider whether petitioner was entitled to withholding of removal under the INA based on a pattern and practice of persecution.[2]

We take up these issues in turn.

Aliens seeking asylum are statutorily required to file their application within one year of entering the United States. INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). Nonetheless, an untimely application may be excused in the

---

[1] The IJ found that petitioner's application for asylum was barred by the one-year statute of limitations and that her untimely filing was not excused. INA § 208(a)(2)(B), (a)(2)(D), 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D). Next, the IJ found petitioner's testimony not to be credible and for that reason denied withholding of removal under the INA (and CAT relief). The BIA adopted and affirmed the IJ's decision.

[2] Petitioner has abandoned her claim for CAT relief because she did not raise the issue in her brief.

event that changed circumstances materially affect the alien's eligibility for asylum or that her untimeliness was caused by extraordinary circumstances. INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Federal courts, however, do not have "jurisdiction to review decisions of whether an alien complied with the one-year time limit, or whether extraordinary circumstances were present to justify untimely filing of the asylum application." Ruiz v. Gonzales, 479 F.3d 762,765 (11th Cir. 2007) (citing INA § 208(a)(3), 8 U.S.C. § 1158(a)(3)). Following the enactment of the Real ID Act, which governs all applications filed after May 11, 2005, federal courts were given jurisdiction to review "constitutional claims or questions of law" arising from some previously non-reviewable, discretionary rulings. Chacon-Botero v. U.S. Attorney Gen., 427 F.3d 954, 957 (11th Cir. 2005) (citing INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D)). However, the "timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes." Id.

Notwithstanding the fact that petitioner's argument is based on the Real ID Act, which is inapplicable here since her asylum application was filed before the Act took effect, the precedent remains that we are divested of jurisdiction to review the timeliness of an asylum application. Chacon-Botero, 427 F.3d at 957. We thus dismiss her petition for review with regard to her asylum claim.

3

Next, petitioner contends that she is entitled to withholding of removal based on a presumption that she would be persecuted if returned to Indonesia because the BIA's decision, which adopted the IJ's adverse credibility finding, is not supported by substantial evidence, and she demonstrated that she suffered past persecution.

Since an application for withholding of removal is not subject to the one-year time limitation placed on asylum applicants, we may review petitioner's eligibility for withholding of removal. See Ruiz, 479 F.3d at 765. We must affirm the BIA's denial of withholding of removal "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotations omitted). The BIA's decision will be reversed if "the record not only supports the conclusion, but compels it." Id. (quotation omitted). When, as here, the BIA expressly adopts the IJ's ruling, we review the IJ's decision as well. Id.

Under the INA, an alien is entitled to withholding of removal to a country if her "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A)). If an applicant can show that she suffered past persecution, she is entitled to a presumption that future persecution would occur if she is returned to that country, but the government would have the opportunity to rebut that presumption with evidence that (1) country conditions have fundamentally changed with regard to the applicant's

4

protected ground or (2) that the applicant could relocate within the country to avoid a future threat. Ruiz, 479 F.3d at 766; 8 C.F.R. § 208.16(b)(1)(i)(A)-(B).

An applicant's claim for withholding of removal based on past persecution can fail "solely [because of] an adverse credibility determination, especially if the alien fails to produce corroborating evidence." Chen v. U.S. Attorney Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). Where an applicant does provide other evidence of persecution, the BIA must consider that evidence and may not rely solely on the adverse credibility finding. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). If the BIA offered "specific, cogent reasons" for an adverse credibility finding, "[t]he burden then shifts to the alien to show that the [BIA]'s credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id.

The IJ's and BIA's findings that petitioner was not credible is supported by substantial evidence, which is fatal to her individualized claim for withholding of removal based on past persecution. Chen, 463 F.3d at 1231. She is not entitled to a presumption of future persecution. Accordingly, we deny her withholding of removal claim in part.

An applicant who fails to establish past persecution is not entitled to a presumption of future persecution, but may, nonetheless, be entitled to withholding of removal. 8 C.F.R. § 208.16(b)(1)(iii), (b)(2). As she did before the IJ and the

BIA, petitioner argues that even if she failed to show past persecution, she demonstrated a fear of future persecution due to a pattern and practice of persecution in Indonesia against ethnic Chinese and Christians.

An applicant may secure withholding of removal without evidence that she would be singled out for persecution if the applicant establishes that: (1) in that country there is "a pattern or practice of persecution of a group of persons similarly situated to the applicant" on account of a protected ground, (2) "her own inclusion in and identification with such group of persons such that it is more likely than not that . . . her life or freedom would be threatened upon return to that country," and (3) it would not be reasonable to expect her to relocate to another part of the proposed country of removal. 8 C.F.R. § 208.16(b)(2)(i)-(ii), (b)(3), (b)(3)(i).

Petitioner still can establish that she is entitled to withholding of removal if she can demonstrate that it is more likely than not that her life or freedom would be threatened due to a pattern and practice of persecution in Indonesia of ethnic Chinese and/or Christians. 8 C.F.R. § 208.16(b)(2)(i)-(ii). The record contains numerous articles that detail violence and harassment against ethnic Chinese and Christians in Indonesia. Although petitioner raised "a pattern and practice" argument both before the IJ and in her brief to the BIA, neither discussed the argument. Accordingly, we grant her petition in part and remand her case to the BIA to answer the limited questions of: (1) whether petitioner has established that

6

it is more likely than not that her life or freedom would be threatened in Indonesia because of a pattern or practice of persecution against people who share her race and/or religion, and (2) whether it would be reasonable to expect her to relocate to another part of the country. 8 C.F.R. § 208.16(b)(2), (b)(3).

In sum, the petition for review is dismissed as to the asylum claim, denied as to the CAT claim, which was abandoned, denied with regard to withholding of removal based on past persecution, and granted and remanded for further proceedings consistent as to the pattern and practice of persecution claim.

PETITION DISMISSED, in part, DENIED, in part, GRANTED, in part, and REMANDED.